## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LANNY MARDEN | : | PRISONER |
| | | 3:02CV570(GLG)(WIG) |
| v. | : | |
| LARRY MYERS, ET AL | : | MAY 6, 2004 |

### ANSWER AND AFFIRMATIVE DEFENSES AND SET-OFF

The defendants hereby respond in paragraphs corresponding numerically to those in the Amended Complaint dated February 24, 2003.

1-2.    Denied.

3.    The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

4.    The defendants admit that the defendant Myers was the Warden at Northern Correctional Institution.  The defendants admit that the defendant Myers is sued in his individual capacity.  The defendants deny the remainder of the allegations of this paragraph.

5.    The defendants admit that the defendant Kearney was employed by the Connecticut Department of Correction as a correctional major during some times relevant to the complaint.  The defendants admit that the defendant Kearney is sued in his individual capacity.  The defendants deny the remainder of the allegations of this paragraph.

6.    The defendants admit that the defendant Lajoie was employed by the DOC as a correctional major at Northern at some times relevant to the complaint.  The defendants deny the remainder of the allegations of this paragraph.

7. The defendants admit that the defendant Alderucci was at some times relevant to this complaint employed as a correctional lieutenant at Northern by the DOC. The defendants admit that he is sued in his individual capacity. The remainder of the allegations of this paragraph are denied.

8. The defendants admit that the defendant Shea was at some times relevant to this complaint the Regional Health Services administrator for Northern and that she is sued in her individual capacity. The remainder of the allegations of this paragraph are denied.

9. The defendants deny that Dr. Pesanti is sued in his official capacity and that the URC makes or made decisions regarding whether treatment recommendations from prison doctors will be followed. The defendant Dr. Pesanti admits the remainder of the allegations contained in this paragraph.

10. The defendants admit that the defendant Malcolm is sued in her individual capacity and that she was the operational administrator of URC. The remainder of the allegations contained in this paragraph are denied.

11. The defendants admit that Dr. Blanchette is sued in his individual capacity. The remainder of the allegations contained in this paragraph are denied.

12-13. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

14. Denied.

15-17. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

18. The defendants admit that the plaintiff wrote inmate requests which were referred to the medical unit regarding his orthotics. As to the remainder of allegations contained in this paragraph, the defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

19-21. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

22. Denied.

23. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

24. Admitted.

25. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

26-27. Admitted.

28. The defendants admit that at some point, the matter was referred to defendant Kearney for investigation. As to the remainder of allegations contained in this paragraph, the defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof..

29. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

30. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

31. The defendants admit that one further URC request was filed on October 30, 1999. The defendants admit that at that time URC included Pesanti and Malcolm. The defendants admit that the URC request dated October 30, 1999 was denied. As to the remainder of allegations contained in this paragraph, the defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

32-33. Admitted.

34. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

35. Admitted.

36. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

37-41. Denied.

42-46. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

47-49. Denied.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

All of the defendants in this matter are entitled to qualified immunity.

### *Second Affirmative Defense*

The plaintiff failed to exhaust his administrative remedies.

### *Third Affirmative Defense*

The plaintiff fails to state a claim upon which relief can be granted.

### *Fourth Affirmative Defense*

The plaintiff's claims are precluded by Conn. Gen. Stat. §§ 4-141 through 4-164 and § 4-165.

### *Fifth Affirmative Defense*

The defendants do not have sufficient personal involvement in any constitutional violations alleged.

### *Sixth Affirmative Defense*

The plaintiff's claims are barred by the doctrines of collateral estoppel, res judicata and prior pending action.

## SET-OFF

The defendants claim as a set-off against any amount the plaintiff might recover the costs of the plaintiff's incarceration in the amount of approximately $37,000.00 per year.

        DEFENDANTS,
Warden Myers, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:  /s/_____
Lynn D. Wittenbrink
Assistant Attorney General
Federal Bar No. ct08575
110 Sherman Street
Hartford, CT  06105
Telephone No.: (860) 808-5450
Fax No.: (860) 808-5591
lynn.wittenbrink@po.state.ct.us


## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 6th day of May 2004:

Lanny Marden, # 181275
Osborn Correctional Institution
PO Box 100
Somers, CT  06071


  /s/_____
Lynn D. Wittenbrink
Assistant Attorney General