**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| Lanny Marden | : | PRISONER |
| | | 3:02CV570(RNC)(WIG) |
| v. | : | |
| Larry Myers, et al | : | JULY 20, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL AND/OR FOR SANCTIONS

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, the defendants respectfully move this court to compel the plaintiff to submit to the taking of his deposition and move for the imposition for sanctions because plaintiff has not allowed defense counsel to inquire, via a deposition, as to the facts underlying plaintiff's complaint. Defendants also request that this action be stayed until plaintiff submits to a deposition. Finally, defendants ask the court to rule that if plaintiff does not submit to a deposition within the next 45 days, this action will be dismissed.

**Statement of the Facts:**

On or about April 21, 2004, defendants moved for permission to depose plaintiff pursuant to Federal Rule of Civil Procedure 30(a).[1] The Court, (Garfinkle, U.S.M.J.), granted defendants' motion on or about May 20, 2004.[2] The defendants noticed the deposition for June 21, 2004, and the plaintiff, an inmate acting *pro se* but with the assistance of Inmates Legal Assistance, received that notice on or about June 4, 2001.

---

[1] The motion contained an error referencing the prisoner's name as Earl Bates, which should appropriately read Lanny Marden.

[2] Until recently, this matter was assigned to the Honorable Judge Gerard L. Goettel. It was recently reassigned to the Honorable Judge Robert N. Chatigny.

**Ex. B Dep. Notice.** Prior to the planned deposition date, the plaintiff never filed an objection to the defendants' motion for the deposition or to the court's order granting defendants permission to depose plaintiff. Nor did the plaintiff at any time prior to the deposition date indicate that he did not intend to comply with the Court's order. Until the deposition date, the plaintiff did not voice any concern or issue to defendants or to the Court regarding the deposition. Since the deposition, the plaintiff has not filed any formal Motion for Protective Order or anything else with the Court regarding his obligation to comply with the Federal Rules of Civil Procedure.

On June 21, 2004, defense counsel appeared at Osborn Correctional Institution in order to depose the plaintiff and so advised the plaintiff. The plaintiff indicated a concern that the deposition would be "used against him" and said that he did not wish the deposition to go forward. The plaintiff indicated that he anticipated filing some sort of motion so that the deposition would not have to go forward, but had not done so yet. At that point, counsel for the defendants put the conversation between herself and the plaintiff on the record. **Ex. A Dep. Tr.**

As the attached transcript indicates, plaintiff stated he was not ready for the deposition because he was waiting for a protective order to go through. **Ex. A p. 6-7**. The plaintiff stated:

> I feel that a Protective Order at this time would be warranted for me to not have to go forward with this deposition is because---correct me if I'm not wrong, that you are going to try to use this against me, this deposition, correct?

**Ex. A p. 7.**

The plaintiff further indicated he had filed or intended to file a second Motion for Appointment of Counsel, and also indicated that he had moved for additional time to respond to written discovery requests of the defendants and therefore felt that he should not be subject to the deposition. **Ex. A p. 8-10.** Defendants had not objected to the plaintiff's motion for additional time to respond to discovery requests. As it turns out, no Motion for Appointment of Counsel has been filed since the first one was denied on June 17, 2002.

Counsel for the defendants at that point contacted the Chambers of Magistrate Judge Garfinkle in an effort to obtain the plaintiff's compliance with the routine deposition. **Ex. A p. 11-33.** The deposition did not go forward on that date, and counsel indicated her intent to file a Motion to Compel and/or for Sanctions.

Because plaintiff has not shown proper cause as to why he failed to cooperate in discovery as required by Rule 26(a), the defendants request the court to compel plaintiff to be deposed and/or to dismiss plaintiffs' complaint. Furthermore, the defendants move for sanctions for the costs of the deposition. As the undersigned counsel is employed by the State and does not bill at an hourly rate, attorneys fees are not sought.

### Argument

The imposition of sanctions under Rule 37 lies within the sound discretion of the Court. *Daval Steel Products v. M/V Fakredine,* 951 F.2d 1357, 1365 (2d Cir. 1991); *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.,* 845 F.2d 1172, 1176 (2d Cir. 1988). In this case, the plaintiff has no valid or legitimate reason for not submitting to the taking of his deposition. All litigants, even those appearing *pro se*, must comply with

court orders. *See McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 124 (2d Cir. 1988). "When they flout that obligation [pro se plaintiffs], like all litigants, must suffer the consequences of their actions." *Id.* at 124. Plaintiff has demonstrated "unexcused and willful noncompliance" in his failure to cooperate in the discovery process. *See Cauley v. Ingram Micro, Inc.,* 220 F.R.D. 26 (W.D.N.Y. 2004) (warranting dismissal of plaintiff's complaint for failure to comply with two previous discovery orders). As the Court cautioned in *Cauley*, "federal litigation is not a game." *Id.* at 29. Having invoked the jurisdiction of the federal court, the plaintiff must abide by its rules.

    Here, plaintiff failed to assert any valid objection to complying with the deposition the defendants were granted permission to take. The plaintiff stands in defiance of the Federal Rules of Civil Procedure. The defendants cannot be expected to defend themselves in this action if the plaintiff will not comply with discovery. The defendants face a summary judgment deadline and a discovery deadline, and should not be prejudiced in this case simply because the plaintiff does would prefer to be deposed with an attorney. Plaintiff has not sought the appointment of counsel since 2002, and pro se inmates are commonly deposed without counsel. Plaintiff simply has no valid reason to decline a deposition, having failed to file any Motion for Protective Order and having failed even in the courtesy of informing counsel or the Court that he refused to go forward with the deposition.

WHEREFORE, the defendants request the following:

An order directing the plaintiff to submit to a deposition under oath in accordance with the Federal Rules of Civil Procedure;

An order informing the plaintiff that, should he fail to do so within 45 days, his cause of action will be subject to dismissal;

An order that the discovery and summary judgment deadlines in this matter be stayed until the plaintiff has cooperated in discovery; and

An order that the plaintiff be responsible for the costs of the court reporter on June 21, 2004.

DEFENDANTS
Larry Myers, et al

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:  /s/
Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct08575
lynn.wittenbrink@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

# **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 20th day of July 2004:

Lanny Marden # 181275
Osborn Correctional Institution
P.O. Box 100
Somers, CT 06071

                                                    /s/_____
                                                    Lynn D. Wittenbrink
                                                    Assistant Attorney General