1

```
1                  UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
2

3        --------------------------
         LANNY MARDEN,              )
4                   Plaintiff,      ) PRISONER
                                    ) 3:02CV570(GLG)(WIG)
5              vs                   )
                                    )
6        LARRY MYERS, ET AL,        )
                    Defendants.     )
7        --------------------------

8

9

10

11   --------------------------------------------------------
                      Deposition of: LANNY MARDEN
12   --------------------------------------------------------

13

14

15

16
             Taken before Tina M. Davis, Stenographer and
17   Notary Public in and for the State of Connecticut,
     pursuant to notice, at the offices
18   of OSBORN CORRECTIONAL INSTITUTION, 335 Bilton Road,
     Somers, Connecticut, on Monday, June 21, 2004
19   scheduled to commence at approximately 10:00 a.m.

20

21

22

23                        Tina M. Davis
                          Court Reporter
24               Brandon Reporting Service
                       44 Capitol Avenue
25                  Hartford, CT  06106
                      (860) 549-1850
```

2

```
 1
   A P P E A R A N C E S :
 2
      Representing the PLAINTIFF
 3

 4
         LANNY MARDEN, pro se
 5       Inmate No. 181275
         Osborn Correctional Institution
 6       335 Bilton Road, Post Office Box 100
         Somers, Connecticut 06071
 7

 8
      Representing the DEFENDANTS
 9

10
         LYNN D. WITTENBRINK, ESQ.
11       STATE OF CONNECTICUT
         ASSISTANT ATTORNEY GENERAL
12       110 Sherman Street
         Post Office Box 120
13       Hartford, Connecticut 06105

14

15    Also Present:

16       OFFICER MASSOP

17

18

19

20

21

22

23

24

25
```

3

```
 1
                         I N D E X
 2

 3
     NAME OF WITNESS:  LANNY MARDEN
 4
     --------------------------------------------------------
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

4

```
 1                          I N D E X
 2                        E X H I B I T S

 3        No.        Description                     Page
 4

 5    1   Notice of Deposition                        5

 6

 7

 8
            * Reporter's Note: Exhibits retained by
 9                 LYNN D. WITTENBRINK, ESQ.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                  (Defendants' Exhibit No. 1, Notice of
 2                  Deposition, marked for identification.)
 3
 4                  (The comments commenced at
 5                  approximately 10:34 a.m.)
 6
 7              MS. WITTENBRINK:  Mr. Marden -- you're
 8    Mr. Marden; right?
 9              MR. MARDEN:  Yes.
10              MS. WITTENBRINK:  Lanny Marden.  You're
11    inmate number is 181275?
12              MR. MARDEN:  Correct.
13              MS. WITTENBRINK:  Okay.  We're here at
14    Osborn Correctional Institution on June 20, 2004.
15              MR. MARDEN:  21st.
16              MS. WITTENBRINK:  21, 2004.  Excuse me.
17              MR. MARDEN:  Right.  Yes.
18              MS. WITTENBRINK:  We had a little discussion
19    off the record that I thought would be better put on the
20    record.
21              MR. MARDEN:  Yes.
22              MS. WITTENBRINK:  As you know, my name
23    is Assistant Attorney General Lynn Wittenbrink.  I'm
24    here to take your deposition in the matter entitled
25    Lanny Marden versus Larry Myers, Et Al.  The docket
```

6

1    number with the Court is Prisoner No.

2    3:02CV570(GLG)(WIG).

3              Sir, you had some issues.  You said you're

4    not ready to be deposed today?

5              MR. MARDEN:  Yes.

6              MS. WITTENBRINK:  You understand that I

7    moved the Court for permission to take this deposition?

8              MR. MARDEN:  Yes.

9              MS. WITTENBRINK:  And you filed no

10   objection?

11             MR. MARDEN:  I didn't have time to file an

12   objection, because I'm not an attorney and I don't know

13   how to do these things.  So I don't -- I can't object to

14   something on the record in court without having proper

15   representation.

16             Inmate Legal Assistance is representing --

17   not -- excuse me.  Inmate Legal Assistance is assisting

18   me with this.  They don't represent me.  They're not

19   allowed to represent me.  Therefore, I'm not allowed

20   to -- I'm not allowed to have representation through

21   them, and I have to do everything through the mail.

22   I've sent them the paperwork, and I'm waiting for them

23   to put a protective order on this right now.

24             MS. WITTENBRINK:  Sir, you understand the

25   Court granted the motion?

1              MR. MARDEN:  I do.

2              MS. WITTENBRINK:  And what is the reason

3    that you think that a protective order would be

4    necessary?

5              MR. MARDEN:  I feel that a protective order

6    at this time would be warranted for me to not have to go

7    forward with this deposition is because -- correct me if

8    I'm not wrong, that you are going to try to use this

9    against me, this deposition; correct?

10             MS. WITTENBRINK:  I'm conducting discovery

11   pursuant to the Federal Rules of Civil Procedure, sir.

12             MR. MARDEN:  Which can be used against me;

13   correct?

14             MS. WITTENBRINK:  I don't know what you mean

15   by used against you.  It would be used in trial --

16             MR. MARDEN:  Well, according to the

17   Federal Rules of Civil Procedures here, depositions in

18   discoveries -- you know, it says in here clearly that a

19   party being deposed -- if I'm not mistaken, it could be

20   used against me right here, Rule 32 under the

21   Federal Rules of Civil Procedure.  If I'm not mistaken.

22   You know, "Use of deposition in a court proceeding, use

23   of deposition --" shall I read it to you?

24             MS. WITTENBRINK:  It's not going to make any

25   difference to me, but if you want --

8

1          MR. MARDEN:  So it can be used against me;

2     yes?

3          MS. WITTENBRINK:  I'm not here to answer

4     questions, sir.

5          MR. MARDEN:  Okay.

6          MS. WITTENBRINK:  Your objection -- not

7     withstanding, the Court granted me permission to take

8     your deposition.  Have you ever moved the Court for

9     counsel to represent you?

10          MR. MARDEN:  Yes, I have, ma'am.

11          MS. WITTENBRINK:  And what did the -- what

12     did the Court say?  The Court said, no; correct?

13          MR. MARDEN:  Well, we had filed a motion for

14     appointment of counsel a long time ago, and it was

15     denied, because it -- this was previous to me surviving

16     two motion to dismisses in the federal courts.

17          And then recently, as a matter of fact, on

18     June 7th I received a correspondence from

19     Inmate Legal Assistance Mr. Richard Cahill (phonetic)

20     who actually --

21          MS. WITTENBRINK:  Sir, I don't represent

22     you, but I'm not sure that you want to waive your

23     attorney/client privilege with that gentleman.

24          MR. MARDEN:  No, no.  All I'm saying is

25     this, though, that they have filed a motion for an

9

1    appointment of counsel again.  And we are waiting right

2    now for responses and stuff like that.

3              So I mean, yeah, we have one standing right

4    now.  We're waiting for that to either be submitted,

5    which I have the letters here and stuff like that.

6              Not to mention the fact that they contacted

7    you in regards to this motion for extension of time

8    regarding discovery requests, and you had absolutely no

9    objections to --

10             MS. WITTENBRINK:  To --

11             MR. MARDEN:  -- to extend the times for the

12   Defendants' interrogatories and requests for the

13   production of documents.

14             MS. WITTENBRINK:  Right.  This isn't

15   interrogatories and requests for production of

16   documents.

17             MR. MARDEN:  Did you not -- well, you did

18   mention in your letter to me that you requested me --

19   not requested.  You commanded me to bring any and all

20   documents to this deposition regarding this matter

21   today.

22             MS. WITTENBRINK:  Correct.

23             MR. MARDEN:  Yes.  So that's a request for

24   production of documents, if I'm not mistaken.  So that's

25   why this extension of time has been submitted, including

1    a motion for appointment of counsel so that I could have

2    a cross examination done on me, as well.

3              MS. WITTENBRINK:  Well, sir, if you don't

4    have counsel, there's no one to cross examine you.

5              MR. MARDEN:  That's why we're waiting for a

6    motion for appointment of counsel to be submitted and

7    ruled upon.

8              MS. WITTENBRINK:  Okay.  Notwithstanding

9    what you're waiting for --

10              MR. MARDEN:  Right.

11              MS. WITTENBRINK:  -- I intend to take your

12    deposition today.

13              MR. MARDEN:  Yes.

14              MS. WITTENBRINK:  I --

15              MR. MARDEN:  So it's against my will, then?

16              MS. WITTENBRINK:  Sir, I don't believe it's

17    against your will.  I think what we might want to do is

18    get the Court on the phone to explain to you that you

19    have an obligation to proceed with this deposition.  And

20    if you don't after the Court -- I noticed the

21    deposition.  I'm going to show you what's been marked as

22    Defendants' Exhibit 1.  Did you receive that in the

23    mail, sir?

24              MR. MARDEN:  Yes, I did.

25              MS. WITTENBRINK:  No objection to that was

1    filed.  And I also moved the Court -- I filed a motion

2    for permission to depose incarcerated person, the Court

3    granted that, no objection was filed.

4             MR. MARDEN:  I do object.

5             MS. WITTENBRINK:  But the Court granted the

6    motion.

7             MR. MARDEN:  Okay.

8             MS. WITTENBRINK:  Okay.

9             MR. MARDEN:  If you give me a few minutes to

10   review these Federal Rules of Civil Procedures regarding

11   this matter here, then -- because I know that there's no

12   matters that I can -- regarding that.

13            MS. WITTENBRINK:  Does this phone work?

14            OFFICER MASSOP:  It should.

15

16                 (Off the record.)

17

18          (Ms. Wittenbrink converses with the

19           law clerk, Maura Murphy, via telephone.)

20

21            MS. WITTENBRINK:  I'm here with a pro se

22   inmate at Osborn Correctional Institution.  I had moved

23   for permission to depose an incarcerated person, the

24   motion was granted.  I noticed the deposition for today,

25   and he is objecting to the deposition because he's made

1   a motion for appointment of counsel and because I had

2   stated that I had no objection to the production of

3   documents but I was intending to go forward with the

4   deposition.  I didn't know if the judge was around.

5              It is a (GLG)(WIG) case.

6              It is Marden versus Myers.  Lanny is the

7   first name, L-a-n-n-y, the Plaintiff.  The second name

8   is Marden, M-a-r-d-e-n.

9              Yes.  3:02CV570.

10             Thanks, Maura.

11             (Addressing Mr. Marden)  That was the

12  judge's clerk.

13             MR. MARDEN:  (Witness nods head in the

14  affirmative.)

15

16                      (Pause.)

17

18             MR. MARDEN:  Beautiful day today, isn't it?

19             MS. WITTENBRINK:  Certainly is.

20             MR. MARDEN:  Yeah.

21

22                      (Pause.)

23

24             MS. WITTENBRINK:  Mr. Marden, one thing is

25  that if the Court gives me permission to do discovery --

1          MR. MARDEN:  Yes.

2          MS. WITTENBRINK:  -- you won't cooperate

3    with discovery?

4          MR. MARDEN:  Well, no, no.  I will.  I

5    absolutely will within reason.  I mean, there's some

6    things I probably would not be able to answer or that I

7    wouldn't be willing to answer depending how I feel

8    regarding -- see, I'm not an attorney, so I don't know

9    some of the things that I probably should or shouldn't

10   answer.  Therefore, I might not answer to some of them

11   or I might answer some of them.

12          But you might not like some of the responses

13   that I answer to them either, though.  And I don't want

14   to offend anybody.

15          MS. WITTENBRINK:  It doesn't matter whether

16   or not I like your answers.

17          MR. MARDEN:  Okay.

18          MS. WITTENBRINK:  I can tell you this --

19          MR. MARDEN:   Yes.

20          MS. WITTENBRINK:  -- if you refuse to answer

21   questions --

22          MR. MARDEN:  Right.

23          MS. WITTENBRINK:  -- I could move for

24   sanctions against you.

25          MR. MARDEN:  Right.  I understand.

14

```
 1              MS. WITTENBRINK:  And the Court could grant
 2    them.
 3              MR. MARDEN:  For sanctions for answering
 4    none of them or just, like, for all of them you mean?
 5              MS. WITTENBRINK:  For which ever you don't.
 6              MR. MARDEN:  Right.
 7
 8         (Ms. Wittenbrink converses with the
 9          law clerk, Maura Murphy, via telephone.)
10
11              MS. WITTENBRINK:  Hi, Maura.
12              There is unfortunately not.  I'm happy to.
13    Okay.
14              MR. MARDEN:  I would also like to speak to
15    this individual.
16              MS. WITTENBRINK:  Okay.
17              Okay.  Oh, I did know that.  Okay.
18              Do you mind?
19              Okay.
20              (Addressing Mr. Marden)  This is the clerk.
21    She's going to tell you what she told me.
22
23              (Mr. Marden converses with the
24          law clerk, Maura Murphy, via telephone.)
25
```

15

```
 1              MR. MARDEN:  Okay.

 2              Hello.

 3              Yes.

 4              Well, wouldn't it be better possibly if I

 5    tell the judge?  I mean, I could tell you, too, if you

 6    would like.  I mean, I have no problem with that.

 7              Okay.

 8              Yeah, yeah.

 9              Well, basically, I mean, just a quick --

10    this is on the record.  Right?

11              MS. WITTENBRINK:  Yes.

12              MR. MARDEN:  Okay.  Thank you, ma'am.

13              Oh, it's not on the record?

14              MS. WITTENBRINK:  Can I talk to her?

15              MR. MARDEN:  Excuse me for one minute.

16              MS. WITTENBRINK:  Maura, we do have a

17    Court Reporter here.  So obviously she can't take down

18    what the judge says or you, but she is taking down what

19    Mr. Marden says.

20              MR. MARDEN:  I can't do that, then.  I mean,

21    it has to -- you know, this has to -- everything that is

22    being said here on both ends has to be recorded on this

23    thing.

24              MS. WITTENBRINK:  She can take down what I

25    say and what you say.
```

1              MR. MARDEN:   Right.

2              MS. WITTENBRINK:  But she can't hear the

3    judge.

4              MR. MARDEN:  Well, the judge's voice needs

5    to be on this deposition obviously.

6              MS. WITTENBRINK:  No.  Sir, I'm telling you

7    that I don't think it does.  If you want, we can come to

8    an agreement that we go off the record.  Would you like

9    to do that?

10             MR. MARDEN:  No.  We can't do that.  It has

11   to be on the record everything that we state, all of us.

12   It has to be.  I mean, that's obvious.

13             The judge's words on this -- I don't even

14   know if this is the judge that I'm talking to.

15             And I'm an extremely paranoid individual.

16             MS. WITTENBRINK:  All right.  Well, I'm

17   going to ask you to listen to what he has to say to you,

18   anyway.  Okay, sir?

19             (Addressing Ms. Murphy)  Can you hear him,

20   Maura, when he's speaking?

21             (Addressing Mr. Marden)  So she heard what

22   you said.

23             MR. MARDEN:  Okay.

24             MS. WITTENBRINK:   All right.  I'm going to

25   pass the phone back to you, Mr. Marden.

1              MR. MARDEN:  What's your name, again, ma'am?

2    Maura.  Hold on one second.  Maura, can you spell that,

3    please?  M-a-u-r-a.  And your last name is?  Murphy,

4    M-u-r-p-h-y?

5              And this is out of where?  Law clerk.  Law

6    clerk.  And this is what Court?

7              All right.

8              And this phone number is?

9              Yeah.

10             Okay.  Thank you.

11             And now you're going to ask me --

12             Well, basically, I mean, just a quick thing

13   of why I feel that I should not go forward with the

14   deposition.  I really have no problem with going forward

15   with a deposition, period, providing that I have proper

16   attorney representation, due to the fact that this

17   deposition will be used against me.

18             Especially -- I mean, it says right here in

19   the Federal Rules of Civil Procedure that this

20   deposition is going to be used against me.  So,

21   therefore, being that they're going to try to use it

22   against me, you know, it's obvious that I would need to

23   have representation, furthermore, to have an attorney to

24   cross examine me regarding some of the questions that

25   are going on here.

1          Not to mention the fact, ma'am, that I also

2    have a motion for an appointment of counsel that is

3    going to be going through.

4          I've also filed for an extension of time

5    regarding discovery requests.  This is part of

6    discovery, so, you know.

7          Thank you.

8          MS. WITTENBRINK:  Hi, Maura.  Hello?

9          (Addressing Mr. Marden)  Did she say where

10   she was going?

11         MR. MARDEN:  Maybe she hung up.  I don't

12   know.

13         MS. WITTENBRINK:  What did she say?

14         MR. MARDEN:  She just said the judge is

15   going to be out in a few minutes to talk to you.

16         MS. WITTENBRINK:  Okay.  So we're probably

17   just on hold.

18         MR. MARDEN:  To us I would hope.

19         MS. WITTENBRINK:  I don't think we can both

20   hear him at the same time.  It's an old fashioned phone.

21   I don't mind if I don't hear what the judge says to you.

22         MR. MARDEN:  Well, I mean --

23         MS. WITTENRINK:  I certainly don't want --

24         MR. MARDEN:  I don't want you to feel like

25   I'm trying to be a jerk or something here.  I know it

1   probably seems like I'm being a jerk, and I'm not trying

2   to be a jerk.  Please understand this.  Understand from

3   my perspective regarding this all right here.

4          I know how a lot of things get twisted and

5   turned regarding civil cases and also criminal cases.  I

6   have to tell you I have to be very careful of everything

7   I do or say here.  And I know very well just how sneaky

8   some of these court proceedings can be, and I have to be

9   very careful regarding this.

10          Therefore, this is why I would like

11   everything on record.  I mean, even right down to this

12   judge and what everything that he is saying.

13          MS. WITTENBRINK:  Sir, it's not a court

14   proceeding, though.

15          MR. MARDEN:  I mean --

16          MS. WITTENBRINK:  This is unusual.  I'll

17   tell you what, this is the first time I've ever had to

18   call a judge during an inmate deposition.

19          I would like you to listen to what the judge

20   has to say.  And she can't take it down.  It's an

21   impossibility.  We don't have the technical ability to

22   do that.

23          MR. MARDEN:  In 2004 we don't have the

24   technical -- technology for that.

25          Anyhow, Ms. Wittenbrink, is it possible at

1   all -- I realize that everybody has taken the time to

2   come out here today.

3           MS. WITTENBRINK:  And the expense of the

4   Court Reporter.

5           MR. MARDEN:  And the expense of this.  I am

6   willing to go forward with the deposition providing that

7   you are willing to provide me with factual proofing here

8   of you stating it for the record that this will not be

9   used against me if I am not being represented.

10          MS. WITTENBRINK:  Sir, I can't do that.

11          MR. MARDEN:  You can't do that.  Right.

12          And then if that is the case, then I can't

13  go forward with the deposition, and I refuse to.

14  Unless, perhaps, that you would be able to, you know,

15  continue the deposition until a later date whether I can

16  be properly represented regarding this matter so that I

17  can have my, also, Fifth Amendment rights.

18          MS. WITTENBRINK:  Sir, there's no guarantee

19  that the Court will appoint you counsel even if we don't

20  go --

21          MR. MARDEN:  You're right, your right.

22          I know that I have made a substantial effort

23  on my behalf regarding this.  I'm not an attorney.  I

24  know for me to go forward with this stuff -- I mean,

25  I've even been discriminated regarding me trying to get

1  an attorney.  I mean, one of the attorneys writes me

2  back even telling me specifically that we don't take

3  prisoner related case.  Can you imagine that?  Can you

4  imagine that?  If that is not discrimination,

5  Ms. Wittenbrink, I don't know what is.

6         Furthermore, not to mention the fact

7  Governor Rowland and Commissioner Armstrong and all of

8  these people having actual knowledge, prior knowledge,

9  of the constitutional violations regarding all of the

10  denial of medical care that is going on in here before

11  this.  My lawsuit that has been filed here regarding

12  this matter is not within the terms that I wanted it.  I

13  wanted this to be a continuing ongoing thing.

14         As it is right down to right now I'm being

15  denied by the URC Committee and UConn, being denied

16  access to medical care, boots, telling me -- putting me

17  on work restrictions.

18         MS. WITTENBRINK:  Sir, what I want you to

19  understand is that I will move for sanctions that

20  include the following, the cost of the deposition and

21  that any question that I would have asked today that you

22  would not answer that when we do go to Court that the

23  Court could draw an adverse inference and assume that

24  you would have answered in a way that's favorable for me

25  and/or dismissal of your case.  Those are the things, at

1   least some of the things, that I'm going to be looking

2   for if we don't go forward.  I'm going to ask the Court

3   formally in a written motion.

4              MR. MARDEN:  Right.

5              MS. WITTENBRINK:  So I just would like you

6   to hear what the judge has to say when he comes.  Okay?

7              MR. MARDEN:  I mean, not -- I mean,

8   regardless -- I would probably go forward today.  I

9   don't really want to -- nothing -- is there anything

10  that I really need to say to the judge or hear the judge

11  say anyhow?  I mean, you're presenting --

12             MS. WITTENBRINK:  Are you willing to go

13  forward in answering my questions?

14             MR. MARDEN:  I told you that I will

15  providing that -- I mean, there has to be some sort of

16  safeguards regarding me.  You know, there has to be.

17             MS. WITTENBRINK:  Sir, I don't know that I'm

18  going to be able to meet what you're calling safeguards.

19             MR. MARDEN:  Well, I mean --

20             MS. WITTENBRINK:  When you bring a lawsuit

21  you subject yourself to discovery.

22             MR. MARDEN:  Right.  And discovery would

23  also mean that -- I mean, the judge says -- if the

24  judge -- you can't hear what the judge says on this

25  phone right now; right?

1              MS. WITTENBRINK:  No one is here on the

2      phone.  I'm on hold.

3              MR. MARDEN:  Right.  But I mean -- no.  I'm

4      saying, like, say when the judge is talking to me right

5      now, you can't hear a word that the judge is saying,

6      and this computer can't; right?

7              MS. WITTENBRINK:  Correct.  The

8      Court Reporter cannot hear.

9              MR. MARDEN:  So if the Court Reporter can't

10     hear what the judge is saying right now regard this and

11     he were to tell me that Mr. Marden you don't have to go

12     forward today, right, and you --

13             MS. WITTENBRINK:  Well, I'll tell you what I

14     assume what the judge will do is what his clerk did.

15     She spoke to me --

16             MR. MARDEN:  Yes.

17             MS. WITTENBRINK:  -- and she said now I'm

18     going to tell Mr. Marden what I told you, which is that

19     the judge -- she interrupted him in a conference and

20     he'll be coming in a little bit.

21             So I assume that the judge, not having any

22     stake and not wanting -- you know, he's a neutral

23     judge --

24             MR. MARDEN:  Right.

25             MS. WITTENBRINK:  -- he'll tell me whatever

1    he tells you and vice versa.

2           MR. MARDEN:  Is it possible that

3    Mr. Massop here, who is a correctional officer in this

4    facility -- they have speakerphones right in this

5    facility.  Could he bring that in here so it could be

6    stated on the record?

7           MS. WITTENBRINK:  I'm not going to -- I

8    don't ask correctional officials to change the

9    accommodations.

10           MR. MARDEN:  Well, I'm asking for that.

11           MS. WITTENBRINK:  Well, you can ask him.

12           MR. MARDEN:  Mr. Massop, would you be

13    willing to do that?  No?

14           Would you state it for the record, please?

15    No?

16           MS. WITTENBRINK:  He doesn't have to state

17    anything for the record, sir.

18           MR. MARDEN:  Okay.

19           MS. WITTENBRINK:  That's not how this works.

20           MR. MARDEN:  Okay.

21           MS. WITTENBRINK:  If the judge is going to

22    take the time to talk to you, I --

23           MR. MARDEN:  I know.

24           MS. WITTENBRINK:  I would ask you to take

25    the courtesy of listening to him.

1          MR. MARDEN:  I will listen to him,

2  absolutely.

3          MS. WITTENBRINK:  All right.  Then I'm going

4  to pass the phone to you, because you're the person that

5  he's going to ask for.

6          MR. MARDEN:  I just have to be very careful

7  on my end of everything that I do and say here, because

8  I know how well the system is and how they try to -- I'm

9  not saying the system.  I should say it differently.  I

10  should say that how some things try to get twisted.  I

11  know that.  Especially if I'm being -- this is used

12  against me.

13          It's right here in the Federal Rules of

14  Civil Procedures.  Right down to them trying to impeach

15  anything that I would say to try to get anything

16  contradictory, which I would -- what would I -- I have

17  nothing to say contradictory, absolutely not.

18          MS. WITTENBRINK:  Then it shouldn't be a

19  concern.

20          MR. MARDEN:  That's right.  And it isn't.

21  That's not a concern at all.

22          I do know, though, that Governor Rowland and

23  all of these officials know of prior to my -- this

24  incident here, that these constitutional violations are

25  going on.  And I know that it's public record that they

1    have investigation reports regarding lawsuits and stuff

2    that are going on out there and that they have personal

3    involvement with all of this.

4              Without even having direct participation

5    through there -- they should have known.  It's as simple

6    as that.  They should have known the constitutional

7    violations and the medical deprivations were going on

8    within this institution and are continuing to go on

9    within the institutions of the Department of Corrections

10   in the State of Connecticut.  Just by the simple fact

11   that how many suits have been filed, how many complaints

12   have been filed prior to this, policies and procedures

13   that are of -- inadequate, and policy and procedures

14   that are known to be deficient and continuing to be

15   carried on.

16             This is all going on the record; right?

17             That shows personal knowledge right there.

18   And I've tried to get some people to acknowledge this,

19   and some of these people refuse to acknowledge and

20   actually bypassed and --

21             Hello there.

22             Mr. Finkle, how are you, Your Honor?

23             This is Lanny Marden at -- in the

24   Department of Corrections, and I'm -- a deposition is

25   about to be run on me.

1                I have a couple of quick questions to ask

2     you, Your Honor.

3                This is Lanny Marden versus Larry Myers.

4     3:02CV570, and then in parentheses GLG.  And there's

5     also, like, some additions made to this, if I'm not

6     mistaken, recently.  But I know that there's a WIG,

7     which would be your name; right?

8                Okay.

9                Yes, I am.  I'm incarcerated, Your Honor.

10               This is -- Lynn D. Wittenbrink is here.

11               Yes.

12               No.  This is what -- that's one of the

13    issues, Your Honor.  We don't have a phone here where,

14    you know, multiple people could be on this.  I requested

15    this to be a speakerphone so this all could be on the

16    record, you know, and they for some reason cannot

17    provide that here.  I stated that it's the year of 2004

18    and that there's no reason why this couldn't be all on

19    record.  Right?  Am I right?

20               Right.  Could we have that, please?  I'm

21    asking that.

22               Right, right.

23               She is, right.

24               Your Honor, this is the problem.  We -- I

25    have filed a suit, and I'm -- the Assistant Attorney

1   General has filed for a deposition for me, which the

2   Court has ordered and granted, you know, which I have no

3   problem with that.  I mean, other than the fact that I

4   have filed for a -- I've been trying to get appointment

5   of counsel, which it was denied very early on in the

6   case prior to two motion to dismisses.  Now I've

7   survived two motion to dismisses in this case.

8           I'm being assisted, not represented, by

9   Inmate Legal Assistance.  I've requested them to put in

10  for an additional motion for appointment of counsel at

11  this time, which they are preparing for me, if they have

12  not submitted already.  And we are waiting for them to

13  submit it or possibly for a response on that motion, a

14  ruling, you know.

15          At this time, it's like -- the attorney who

16  is assisting me, which, again, I say that he can't

17  represent me, he told me specifically in one of his

18  letters that anything that I do or say or anything in

19  this deposition can be used against me in a court

20  proceeding.

21          I've asked this attorney to please put in

22  for a protective order until a ruling on a motion for

23  appointment of counsel could go forward so that I could

24  be -- have an attorney present to be cross-examined, as

25  well, and also for any questions that possibly I may

1   not -- would not be good for me to answer, which I don't

2   know.  I'm not an attorney, Your Honor, you know.

3           Right, right.

4           Well, no.  I'm not saying criminally,

5   Your Honor.  I'm just saying period.  Like according to

6   the Federal Rules of Civil Procedure here under, I

7   believe -- what is it?  Rule 32, if I'm not mistaken.

8           Right, right.

9           Right, right.  That's my whole point.  I

10  have no problem with answering a lot, if not all, of the

11  questions here today.  But I asked Ms. Wittenbrink if --

12  being that I don't have the proper safeguards regarding

13  attorney representation and stuff like that, if it's

14  possible that she would be willing to put on record that

15  she wouldn't be -- there would be no way possible that

16  she could use this against me, unless perhaps that we

17  could postpone this deposition until a further date.

18          Because, see, we were going to file a

19  protective order to have this done so that I can have an

20  attorney present possibly.

21          Also, we have also submitted a motion for an

22  extension of time, an extension of time regarding all of

23  the interrogatories and requests for the production of

24  documents that the Defendants have requested regarding

25  this case.  It's been filed in the Court on June 4th, as

1   a matter of fact, 4:18, June 4th.  And we're waiting for

2   a ruling on that right now.

3             Not to mention the fact that Ms. Wittenbrink

4   had no problem at all with a -- with as much continuance

5   time as we wanted.  And if we needed a further one, as a

6   matter of fact, she stated that she would have no

7   problem with that.

8             Right.

9             Yeah.

10            Yeah.  Well, I don't know -- right.  I don't

11  know how to answer some of these things.  And I know

12  that there will be things in here that she's probably

13  going to ask me and I have no problem answering it.  But

14  I don't want to, like, say things that would be, like --

15  I know they probably won't like the things I would say

16  and stuff like that.  I mean, I know that there's -- not

17  that they care whether they like or dislike any of it.

18            I mean, I know that, like, I've been

19  discriminated upon getting an attorney.  I mean, even

20  attorneys writing me back saying they don't take

21  prisoner related cases and stuff like that.  And that is

22  so sad in today's society.

23            I realize that I did crimes, and I'm here in

24  prison.  And I'm so sorry for what I have done.  I

25  really am, Your Honor.

1            I've been in prison for going on nine years

2    now, and I know that my day is going to come where I'll

3    be able to be a productive member of society again.  And

4    I can't wait for that day.  But that's irrelevant right

5    now.

6            Yeah.  That's all, Your Honor.

7            I asked Ms. Wittenbrink if we could move to

8    have this postponed for now just so that we could

9    receive a ruling on some of these motions and stuff like

10    that, and she mentioned that a protective had not been

11    filed at this point.  I explained to her that I am not

12    an attorney.  I don't know how to go forward with these

13    things.

14            I've submitted the paperwork to the attorney

15    that is assisting me in this case.  And this attorney

16    has to respond on these things, because I'm not an

17    attorney.  So I'm waiting.

18            No.  He -- his representation falls short of

19    representing me in the courts because under their

20    contract with the State of Connecticut they're only

21    allowed to assist me, as you well know.

22            Right, right.  So they can't be here for

23    this deposition.

24            Otherwise, if he was here right now, well,

25    then that would be good if he was to help me with this,

1    you know.

2              I know that he is going to prepare a

3    protective order or have this ruling for the motion for

4    appointment of counsel taken care of, like, real soon.

5              I mean, I have a letter here, as a matter of

6    fact, on June 7th from the attorney where he's

7    submitting the motion for appointment of counsel.

8              He asked me to send him the rest of my asset

9    information, you know.  And I sent him the rest of that

10   asset information, like, I think, probably the next day

11   if I'm not mistaken, if not that day.

12             So I would really appreciate that,

13   Mr. Wittenbrink.  Thank you.

14             MS. WITTENBRINK:  I didn't know we were so

15   close, Your Honor.

16             Good.  How are you?

17             Right.

18             Your Honor, I do have a Court Reporter here

19   at the expense of the State.  And also just the fact

20   that I've got 200 cases, and I've taken this morning to

21   devote to this case.

22             Well, my concern is that I don't want to

23   waive my rights to make a motion.

24             Okay.

25             Probably not.

```
 1              All right.

 2              I know.

 3              All right.

 4              Thank you very much.

 5              Okay.  Bye.

 6              (Addressing Mr. Marden)  So we're not going

 7   to go forward today.

 8              MR. MARDEN:  Okay.

 9              MS. WITTENBRINK:  The judge doesn't think we

10   should go forward.

11              MR. MARDEN:  Thank you.

12              MS. WITTENBRINK:  I told him that I didn't

13   want to waive my rights to file a motion for costs and

14   sanctions.

15              MR. MARDEN:  Okay.

16              MS. WITTENBRINK:  And he said he understood

17   that.

18              MR. MARDEN:  Okay.

19              MS. WITTENBRINK:  So I will be filing the

20   motion.

21              MR. MARDEN:  Okay.

22              MS. WITTENBRINK:  All right?

23              MR. MARDEN:  Yes.  Please don't take any

24   offence to any of that, Ms. Wittenbrink.  Understand my

25   point.  That's all.
```

1          You know, I really would hope that everybody

2   here would understand from my perspective of what is

3   going on, you know.  That's all.

4          MS. WITTENBRINK:  Well, I understand.  Sir,

5   I need to tell you that the Court might not grant your

6   motion for appointment of counsel.

7          MR. MARDEN:  Right.  I realize that.

8          MS. WITTENBRINK:  So we might be right back

9   here.

10          MR. MARDEN:  I realize that.  Don't you

11   think I should be able to be given that opportunity to

12   be afforded --

13          MS. WITTENBRINK:  I think you were given

14   that opportunity when I filed my motion for permission

15   to take your deposition, sir.

16          MR. MARDEN:  Well, we'll go forward after

17   that.  Thank you.

18          MS. WITTENBRINK:  We're done for today,

19   Officer.

20

21          (An off-the-record discussion was held.)

22

23          MS. WITTENBRINK:  We're back on the record.

24          MR. MARDEN:  Yes.  I would like for a copy

25   of this transcript that is being stated here today, the

1    entire transcript, if I could, please?

2            MS. WITTENBRINK:  Sir, I don't provide that.

3    That is between you and the company that -- she isn't a

4    state employee.

5            MR. MARDEN:  Could I -- who could I -- I

6    really would like to have a copy of that if I could.  I

7    don't know if somebody would help me out with something

8    like that.  I would really appreciate that.

9            MS. WITTENBRINK:  In my notion --

10           MR. MARDEN:  Yes.

11           MS. WITTENBRINK:  -- for permission to take

12   your deposition and in the notice of deposition it says

13   the name of a company that's here today.

14           MR. MARDEN:  And I don't even have a copy of

15   that, because I don't have -- I'm not able to -- I don't

16   have access to copying equipment.

17           I would have brought you all of them papers

18   today, as a matter of fact.

19           MS. WITTENBRINK:  Can your write this down,

20   sir?

21           MR. MARDEN:  Yes, I can, ma'am.

22           MS. WITTENBRINK:  Brandon -- I'll show you

23   this sir.  It's what we marked as Exhibit 1 for today.

24           MR. MARDEN:  Thank you.

25           MS. WITTENBRINK:  Brandon.

36

1                MR. MARDEN:  Brandon Reporting Service.

2                MS. WITTENBRINK:  And they're in Hartford.

3                MR. MARDEN:  Brandon Reporting Service.  And

4    their address as to that?

5                MS. WITTENBRINK:  They're in Hartford.  I

6    don't know their address.

7                MR. MARDEN:  How would I go about getting a

8    copy of that?

9                MS. WITTENBRINK:  Sir, I can't give you

10   advice on that.

11               MR. MARDEN:  Thank you.

12

13

14

15                    (The comments concluded

16                  at approximately 11:16 a.m.)

17

18

19

20

21

22

23

24

25

37

1

2

3

4

5                    C E R T I F I C A T E

6

7

8

9

10          I, Tina M. Davis, Notary Public,

11      Stenographer, do hereby certify that the

12      foregoing testimony is a true and accurate

13      transcription of my stenographic notes to

14      the best of my knowledge and ability.

15

16          WITNESS MY HAND, this 2nd day of

17      July 2004.

18

19

20

21                    __/s/_____

22                    Tina M. Davis, Court Reporter

23

24

25