FILED

2004 AUG -4  A 9: 22

U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LANNY MARDEN | : | PRISONER |
| | : | CIVIL NO. 3:02CV570 (RNC) (WIG) |
| V. | | |
| WARDEN LARRY J. MYERS, ET AL. | : | AUGUST 2, 2004 |

**MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO COMPEL AND/OR FOR SANCTIONS
AND IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

The plaintiff, Lanny Marden, submits this memorandum of law in opposition to the defendants' Motion to Compel and/or for Sanctions dated July 20, 2004, and in support of a Motion for Protective Order filed by the plaintiff in conjunction with this memorandum.

**I. FACTS**

The plaintiff is an inmate sentenced to the custody of the Connecticut Department of Correction. He filed this action pro se, with help from Inmates' Legal Assistance Program (ILAP). He continues to represent himself, although this memorandum was prepared for him by an ILAP attorney.

On April 21, 2004, the defendants filed a motion for leave to depose the plaintiff

1

pursuant to Fed. R. Civ. P. 30 (a) (2).[1] The motion was granted by the Court (Garfinkel, U.S.M.J.) on May 20, 2004. The defendants served the plaintiff with a notice that the deposition would be taken on June 21, 2004, at Osborn Correctional Institution in Somers, where the plaintiff is housed. The plaintiff appeared for the deposition, but he expressed a desire not to go forward until he submitted and received a ruling upon a motion for appointment of counsel. (See attached Ex. A, Deposition of Lanny Marden, P. 10). The plaintiff and defendants' counsel then spoke separately by telephone with the Court (Garfinkel, U.S.M.J.).[2] After those conversations, defendants' counsel said that the deposition would not go forward because "[t]he judge doesn't think we should go forward." (Id., P. 33, Lines 6-10). Defendants' counsel informed the plaintiff that she had not waived her right to file a motion for costs and sanctions. (Id. P. 33, Lines 12-14).

Subsequently, on July 19, 2004, the plaintiff filed a motion for appointment of counsel.

Pursuant to Fed. R. Civ. P. 37, the defendants seek, inter alia, an order compelling

---

[1] Fed. R. Civ. P. 30 (a) (2) states, in relevant part: "A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26 (b) (2), if the person to be examined is confined in prison ..."

[2] The statements of the plaintiff and of defendants' counsel during their conversations with the Court were recorded by the court reporter who came to the prison for the deposition. The Court's statements were not recorded because the reporter did not have the ability to hear the Court.

the plaintiff to submit to the taking of his deposition and sanctions for the costs of the court reporter on June 21, 2004.

Further facts will be asserted elsewhere in this memorandum.

## II. ARGUMENT

Under Fed. R. Civ. P. 37 (d), sanctions may be imposed if "a party fails ... to appear before the officer who is to take the deposition, after being served with a proper notice ... " The United States Court of Appeals for the Second Circuit has noted that " '[f]ailure to appear' is strictly construed in this Circuit and only occurs where a deponent 'literally fails to show up for a deposition session.' " Salahuddin v. Harris, 782 F.2d 1127, 1131 (2d Cir. 1986) (quoting SEC v. Research Automation Corp., 521 F.2d 585, 588-89 (2d Cir. 1975) ). Other Circuits have adopted the same literal interpretation of Rule 37 (d). See Estrada v. Rowland, 69 F.3d 405, 406 (9th Cir. 1995) ("Estrada attended his deposition but refused to testify. This is not a 'failure to appear' for the purposes of Rule 37 (d)."); Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994); R.W. International Corp. v Welch Foods, Inc., 937 F.2d 11, 15 n.2 (1st Cir. 1991); Stevens v. Greyhound Lines, Inc., 710 F.2d 1224, 1228 (7th Cir. 1983). But some Circuits take a more pragmatic approach and hold that a litigant who physically appears for a deposition but refuses to participate is in violation of Rule 37 (d). See, e.g., Black Horse Lane Assoc., L.P. v. Dow Chemical Corp., 228 F.3d 275 (3d Cir. 2000).

In <u>Salahuddin</u>, the Second Circuit was faced with a fact situation similar to that of the instant case. Salahuddin was a pro se inmate who filed suit under 42 U.S.C. § 1983. The defendants filed a motion under Fed. R. Civ. P. 30 (a) and obtained an order allowing them to take the plaintiff's deposition. Salahuddin appeared at the deposition and answered questions for about two hours. But he then refused to answer additional questions about certain documents shown to him because the defendants had failed to comply with his discovery requests for those same documents. The District Court dismissed Salahuddin's complaint sua sponte. In reversing the District Court's decision, the Second Circuit held that Rule 37 (d) sanctions could not be imposed because Salahuddin had physically appeared for the deposition and there was no showing that he had delayed it in bad faith.

In the instant case, the plaintiff appeared for the deposition, in compliance with the literal requirement of Rule 37 (d). Admittedly, this case differs from <u>Salahuddin</u> in that the plaintiff did not answer any questions. However, the following facts illustrate that the plaintiff's actions were not motivated by bad faith.

The order granted the defendants permission to take the plaintiff's deposition was entered on May 20, 2004. Two weeks prior to that date, the defendants had served the plaintiff's with interrogatories and requests for production of documents. On June 4, 2004, the plaintiff filed a motion for a 30-day extension of time to respond to the

discovery request. Since D. Conn. L. Civ. R. 7 (b) empowers the Clerk to grant initial motions for extension of time not to exceed 30 days, the plaintiff knew that the time period for responding to the discovery request had been extended. At the deposition on June 21, the plaintiff voiced the mistaken impression that the extension of time applied to the deposition because he had been "commanded to bring to the deposition or to provide beforehand any and all documents tending to support the claims made in the Complaint that the plaintiff intends to introduce at trial." (Ex. A, P. 9, Lines 17-25; Ex. B, Notice of Deposition).[3]

In addition to sanctions under Rule 37 (d), sanctions may be imposed under Rule 37 (b) (2) if a party "fails to obey an order to provide or permit discovery." But the granting of a motion allowing the taking of the deposition of an incarcerated person is not an order to provide or permit discovery. Salahuddin, 782 F.2d at 1131. The plaintiff did not violate an order of the Court on June 21.

"In a case where a deponent physically appears at a deposition but refuses to be sworn and testify, then 'the proper procedure is first to obtain an order from the court, as authorized by Rule 37 (a), directing him to be sworn and to testify.' " Id. (citation omitted). Defendants' counsel sought such an order by calling the Court, but the Court

---

[3] The defendants' counsel graciously consented to extending the time for responding to the interrogatories and requests for production. There is no question that counsel did not consent to a postponement of the deposition.

decided that the deposition should not go forward.

The plaintiff acknowledges that his pro se status does not in any way lessen his obligation to cooperate with discovery, and he will comply with any order regarding a deposition or any other form of discovery. But the plaintiff requests that the deposition not go forward until the Court acts upon the motion for appointment of counsel that he filed on July 19, 2004. At least one Court has found that it is reasonable for a pro se party to request that a deposition be postponed until a ruling is made on a motion for appointment of counsel. See <u>Longariello v. School Board of Monroe County</u>, 1996 U.S. Dist. LEXIS 21656, at P. 5 n. 7 (S.D. Fla. 1996).[4]

### III. **CONCLUSION**

For all of the foregoing reasons, the plaintiff respectfully requests that sanctions not be imposed against him in regard to the deposition scheduled for June 21, 2004, and that the deposition not go forward until the Court acts upon the motion for appointment of counsel filed by the plaintiff on July 19, 2004.

---

[4] A copy of this decision is attached.

THE PLAINTIFF

*[signature]*
Lanny Marden, Pro Se
Inmate #181275
Osborn Correctional Institution
335 Bilton Road, P.O. Box 100
Somers, CT 06071

Although not appearing herein, the undersigned
assisted in the preparation of this memorandum:

*[signature]*
Richard P. Cahill, Esq.
Schulman & Associates
Inmates' Legal Assistance Program
78 Oak Street, P.O. Box 260237
Hartford, CT 06126-0237
Tel: (860) 246-1118
Fax: (860) 246-1119

## **CERTFIFICATION**

I hereby certify that a copy hereof was mailed, postage prepaid, on this 2nd day of August, 2004, to the following counsel and pro se parties of record:

Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

_____
Lanny Marden