```
             UNITED STATES DISTRICT COURT
               DISTRICT OF CONNECTICUT
```

```
LANNY MARDEN                    :
                                :          PRISONER
     v.                         :  Case No.  3:02CV570(WIG)
                                :
WARDEN LARRY MYERS, ET AL.¹     :
```

RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The plaintiff, Lanny Marden, has filed this civil rights action <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915. He alleges <u>inter</u> <u>alia</u> that the defendants failed to provide him with his orthotics for a five to six week period in 1999 and a six to seven month period in 1999 and 2000.  Pending is a motion for summary judgment filed by the defendants.  For the reasons that follow, the motion for summary judgment is denied.

In support of their motion for summary judgment, the defendants have filed a Local Rule 56(a)1 Statement.  (<u>See</u> Doc. # 61-2.)  Paragraphs 28-58, 63-78, 83-91 and 95-116 of the Statement cite to Exhibit H which is described as plaintiff's medical records.  Local Rule 56(a)3 requires that:

> [e]ach statement of material fact in a Local
> Rule 56(a) Statement by a movant or opponent
> must be followed by a citation to (1) the
> affidavit of a witness competent to testify
> as to the facts at trial and/or (2) evidence
> that would be admissible at trial.  The
> affidavits, deposition testimony, responses

---

¹ The defendants in this action are Warden Larry J. Myers, Major Neil Kearney, Major Michael LaJoie, Lt. Marc Alderucci, Pamela Shea, Dr. Edward Blanchette, Dr. Edward Pesanti and Cheryl Malcolm.

> to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a) Statement in conformity with Fed. R. Civ. P. 56(e).

D. Conn. L. Civ. R. 56(a)3.

On December 8, 2005, the court granted defendants' motion to file plaintiff's medical records, designated as Exhibit H to their memorandum in support of their motion for summary judgment, under seal. The defendants have not submitted any medical records to the court. Because the defendants have failed to comply with Local Rule 56(a)3 which requires that any documents to which a party has cited as evidence in support of a statement of material fact be filed with the court, their Motion for Summary Judgment [**Doc. # 60**] is **DENIED** without prejudice.[2] The defendants may re-file their motion for summary judgment, including the medical records designated as Exhibit H, within twenty days of the date of this order. If the defendants fail to move for summary judgment within the time specified, the case will be set down for trial.

This is **not** a recommended ruling. The parties have consented to the exercise of jurisdiction by a magistrate judge and the case was transferred to the Undersigned for all purposes

---

[2] The court notes that the plaintiff also cites to medical records included in defendants' Exhibit H in his Local Rule 56(a)2 Statement. He did not, however, submit any medical records in support of those citations. Thus, the plaintiff has also failed to comply with Local Rule 56(a)3.

on November 30, 2005.  (See Doc. # 70.)

SO ORDERED this    30th    day    March   ,2006, at Bridgeport, Connecticut.

                                                */s/ William I. Garfinkel*
                                                William I. Garfinkel
                                                United States Magistrate Judge