UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LANNY MARDEN | : | PRISONER |
| | : | NO. 3:02CV570(RNC)(WIG) |
| VS. | : | |
| | : | |
| WARDEN LARRY MYERS, ET AL. | : | MAY 9, 2006 |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

In response to the pro se plaintiff's[1] Memorandum of Law in opposition the defendants' Motion for Summary Judgment, the defendants respectfully submit this reply. The defendants do not repeat the arguments set forth in the lengthy memorandum in support of the motion, but rather address some mischaracterizations of their arguments made by the plaintiff.

A.    **No Evidence Cost was a Factor**

On page of 11 of his memo, the plaintiff argues that the defendants' concern in this case regarding orthotics and a shoe lift at Northern Correctional Institution (hereinafter "Northern") was not safety or security but costs. The plaintiff has no support for this argument other than his own pure conjecture, and the fact that Northern is the only facility at which plaintiff claims his orthotics were taken from him, and then during a security search, or "shakedown". This speculative argument should not be countenanced by the Court, as the plaintiff's own speculation would be inadmissible at trial, and thus no genuine issue of material fact exists on this point. *Pagliuco v. City of Bridgeport,* 2005 U.S. Dist. LEXIS 33738 (D. Conn. Dec. 13, 2005),

---

[1]    As plaintiff's pleadings make clear, the plaintiff is assisted in preparation of his Memorandum of Law in response to defendants' Motion for Summary Judgment by Richard P. Cahill, Esq., of the Inmates' Legal Assistance Program.

attached. The custodial defendants had no interest in costs and the medical defendants are accused of deferring to the custodial defendants!

### B. No Suggestion that Older Injury Less Worthy of Treatment

On page 14 of his memo, the plaintiff suggests that the defendants have made the "spurious suggestion that the older the medical problem, the less they are obligated to treat it." The only thing plaintiff cites to support this is the fact that a URC decision makes note of how old the plaintiff's medical injury is. To suggest that historical information regarding the length of time an injury has existed or been ongoing constitutes an argument attributable to the defendants that older injuries are not worthy of treatment is ridiculous and an unfair characterization of plaintiff's medical records. Moreover, this sort of twist by plaintiff demonstrates a typical pattern in plaintiff's memo in which he misstates the defendants' positions in order to seek an unfair advantage in arguing against them.

### C. Plaintiff's Argument re "Fault" for Inconsistent Statements Unfair

The plaintiff, while conceding that his statements regarding the date of his injury are inconsistent, blames, not the defendants, but health staff providing care to inmates generally for the myriad inconsistencies in his medical reporting over the years. Plaintiff indicates that his own statements should not be credited or apparently even recorded, but only historical facts from medical records should be credited. This defendants agree. Plaintiff's own health records are a far better historical record of his conditions and symptoms, and his own statements so inconsistent as to be irrelevant.

### D.     Inference Re Lajoie and Kearney Not Reasonable

On page 32 of his memo, the plaintiff states that because the defendants Lajoie and Kearney were copied on a memo, "the reasonable inference can be drawn that defendants Kearney and Lajoie were among the members of the custody staff involved in deciding whether the plaintiff would be allowed" to have his orthotics. If after extensive written discovery the best evidence the plaintiff can provide of the personal involvement of either defendant Lajoie or defendant Kearney is the fact that they are copied on a memo, then judgment should enter in their favor forthwith.

### E.     Bohannon Decision Directly on Point

The plaintiff is unsuccessful in his attempt to distinguish his case from the decision previously cited by defendants, *Bohannon v. Edwards,* 1999 U.S. App. LEXIS 19885 (7th Cir. 1999)[2]. In *Bohannon,* the Court concluded that a difference between plaintiff and defendants as to how to treat a given medical problem could not form the basis of a claim for deliberate indifference to a medical need. The plaintiff claims that this is distinct from "defendants' interference with prescribed treatment" which he claims does constitute deliberate indifference. This distinction lacks persuasiveness. What the defendants in this case did, to the extent they were personally involved, was to weigh the *recommendation* of medical staff against the security concerns posed in Phase I of the Administrative Segregation program at Northern by the plaintiff's boots and lift after the plaintiff slashed another inmate in the head with a homemade weapon fashioned from razor blades and other material causing a multitude of injuries and

---

[2]     Previously provided to the Court and the plaintiff as an attachment to defendants' Memorandum of Law.

requiring dozens of sutures.  This did not constitute deliberate indifference, but a measured response in an effort to balance both the plaintiff's medical issues as well as the safety threat posed.

### F. Fractured Femur not Ignored by Defendants

In a blatant attempt to sway the Court on the issue of whether or not plaintiff had a sufficiently serious medical need, the plaintiff characterizes "the plaintiff's medical problem" as a "fractured femur and a resulting discrepancy in the length of his legs."  Pl. Memo. p. 37.  This characterization misses the mark, as no broken bone was ever disregarded at any point by any defendant.  Moreover, the resulting discrepancy in the length of plaintiff's legs had gone for several years, both within and without the Department of Correction, without being treated by lifts or orthotics, so plaintiff's claim that the 7 months he went without the lifts or orthotics at Northern constitutes deliberate indifference is unrealistic, and judgment should enter in favor of all defendants.

>                DEFENDANTS,
>                Larry Myers, et al.
>
>                RICHARD BLUMENTHAL
>                ATTORNEY GENERAL
>
>
>        BY:___/s/_____
>                Lynn D. Wittenbrink
>                Assistant Attorney General
>                Federal Bar No. ct08575
>                110 Sherman Street
>                Hartford, CT  06105
>                Telephone No.: (860) 808-5450
>                Fax No.: (860) 808-5591
>                Email:  lynn.wittenbrink@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 9th day of May, 2006:

Lanny Marden, Inmate No. 181275
Osborn Correctional Institution
335 Bilton Road, PO Box 100
Somers, CT  06071

    /s/_____
Lynn D. Wittenbrink
Assistant Attorney General