UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LANNY MARDEN | : | PRISONER |
| *Plaintiff* | : | CIVIL NO. 3:02CV570 (WIG) |
| V. | | |
| WARDEN LARRY MYERS, ET AL | | |
| *Defendants* | : | MAY 25, 2006 |

### SUPPLEMENTAL MEMORANDUM OF LAW
### IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

The plaintiff submits this supplemental memorandum of law to respond to some of the arguments in the defendants' reply memorandum dated May 9, 2006.

### I. DEFENDANTS KEARNEY AND LAJOIE ARE NOT ENTITLED TO SUMMARY JUDGMENT FOR LACK OF PERSONAL INVOLVEMENT IN THE VIOLATION OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS

On page 3 of their reply memorandum, the defendants state: "If after extensive written discovery the best evidence the plaintiff can provide of the personal involvement of either defendant [Michael] Lajoie or defendant [Neil] Kearney is the fact that they are copied on a memo, then judgment should enter in their favor forthwith." The personal involvement of defendants Kearney and Lajoie is shown by other evidence filed in support of and in opposition

1

to the motion for summary judgment. On September 9, 1999, the request for orthotics for the plaintiff was assigned to defendant Kearney to investigate. (Defendants' Exhibit H, P. 54, 797). The plaintiff "had numerous conversations with and/or wrote requests to" both defendant Kearney and defendant Lajoie during the period following the shakedown in which his orthopedic boots were damaged. (Plaintiff's Exhibit 1, Para. 65). Defendant Kearney has admitted that he spoke with the plaintiff numerous times about his footwear issue. (Plaintiff's Exhibit 3, P. 2, No. 4).

In their original motion, the defendants did not argue lack of personal involvement. They stated: "Given that the plaintiff's injury was not objectively serious enough to form the basis for a claim of deliberate indifference, the defendants do not address the subjective elements in this motion, and do not address the behavior of each individual defendant vis-a-vis the plaintiff." (Memorandum of Law in Support of Motion for Summary Judgment, P. 32). By stating that they were not addressing the subjective elements of the deliberate indifference standard, the defendants were conceding their personal involvement in the events that form the basis of the complaint, while arguing that those events did not constitute a violation of the plaintiff's constitutional rights.

## II. THE DEFENDANTS HAVE OFFERED NO EVIDENCE THAT THE PLAINTIFF'S MEDICALLY PRESCRIBED ORTHOTICS PRESENTED A SAFETY AND SECURITY PROBLEM

In his previous brief, the plaintiff pointed out that "[t]he defendants have not offered one scintilla of evidence suggesting why the plaintiff's orthotics presented a safety and security problem." (Memorandum of Law in Opposition to Motion for Summary Judgment, P. 9). While that remains true after the defendants' latest submission, they continue to argue that they simply weighed "the *recommendation* of medical staff against the security concerns posed in Phase I of the Administrative Segregation program at Northern." (Reply Memorandum, P. 3) (emphasis in original). Despite the defendants' attempt to minimize the plaintiff's medical need by characterizing a doctor's order as simply a recommendation, the fact remains that since the point at which a prison doctor first prescribed orthotics for the plaintiff no doctor has said that he does not need them. The plaintiff contends that the prescribed orthotics did not present any type of security problem. (Memorandum of Law in Opposition to Motion for Summary Judgment, P. 10, and evidence cited therein). The defendants have offered no evidence to refute that contention. In fact, defendant Kearney has admitted that "custody had no major objection to plaintiff's request for boots and considered it a medical issue." (Plaintiff's Exhibit 3, P. 2, No. 4).

### III. CONCLUSION

For the foregoing reasons and for the reasons stated in the plaintiff's memorandum of law in opposition to motion for summary judgment, the plaintiff respectfully requests that the defendants' motion for summary judgment be denied.

                THE PLAINTIFF

                /s/ Lanny Marden
                Lanny Marden, Pro Se
                Inmate #181275
                Osborn Correctional Institution
                335 Bilton Road
                P.O. Box 100
                Somers, CT 06071

Although not appearing herein, the undersigned
assisted in the preparation of this memorandum of law:

/s/ Richard P. Cahill
Richard P. Cahill, Esq.
Schulman & Associates
Inmates' Legal Assistance Program
78 Oak Street, P.O. Box 260237
Hartford, CT 06126-0237
Tel: (860) 246-1118
Fax: (860) 246-1119

## CERTIFICATION

I hereby certify that a copy hereof was mailed, postage prepaid, on this 26th day of May, 2006, to the following counsel and pro se parties of records:

Lynn D. Wittenbrink, Esq.
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

/s/ Lanny Marden
Lanny Marden